IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL ORTEGA,

        Plaintiff,                    No. CIV S-07-2037 MCE DAD P

   vs.

R. WILSON, et al.,

        Defendants.             ORDER

                                  /

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

1  the preceding month's income credited to plaintiff's prison trust account.  These payments shall
2  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
3  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
4  § 1915(b)(2).

5  　　　　　The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
10 U.S.C. § 1915A(b)(1) & (2).

11 　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.

18 　　　　　Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
22 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
23 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
24 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
25 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
26 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1  Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2  plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
3  (1969).
4          The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
15         Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
20 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
21 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
22 Cir. 1982).
23         In the present case, plaintiff has identified as defendants R. Wilson, F. Winters,
24 Doe 1, R. Cox, C. Svendsen, S.M. Roche, T. Felker, S. Babich, M. Dangler, R. Domondon, D.
25 Dittman, R. Quezada, B. Snyder, M. Buhay, L. Dial, and R. Pimentel.
26 /////

1  Plaintiff alleges that, on April 27, 2006, after a fist fight with a fellow inmate,
2  prison officials placed him in handcuffs. Defendant Winters, a medical assistant, later examined
3  plaintiff's hands and asked him if he could move them. Plaintiff alleges that he tried but could
4  not. Defendant Winters told him that his hands were swollen and it appeared that he might have
5  a fracture, so he needed to be examined by a nurse. (Compl. at 3.)

6  Plaintiff alleges that he was escorted to the program office and placed in a holding
7  cell. At that time, he claims that prison officials removed his handcuffs for approximately two
8  hours. Plaintiff alleges that twice more when defendant Winters came to check on him, he was
9  unable to move his hands. Defendant Wilson then came to see plaintiff and observed that it
10 appeared plaintiff had a fracture but whatever bone was out of place had popped back into place.
11 She told defendant Winters that plaintiff did not need medication. (Comp. at 3-4.)

12 Plaintiff alleges that defendants Domondon and Dittman also observed his
13 swollen hands, took pictures of his hands but failed to take further action because plaintiff
14 refused to answer questions about the fight. Plaintiff also alleges that defendant Quezada
15 falsified the holding cell log to indicate that plaintiff was "ok." (Compl. at 5.)

16 Plaintiff alleges that he was later placed in solitary confinement and during that
17 time he submitted several emergency medical slips explaining that he was in pain and could not
18 sleep. He alleges that an unknown medical assistant came to examine him and observed that his
19 hands looked broken. Plaintiff alleges that, nevertheless, the medical assistant refused to provide
20 him with medication because he did not want override defendant Wilson's decision. (Compl. at
21 5.)

22 Plaintiff also alleges that he submitted several 602s as well as a citizen's
23 complaint asking for medical care, but that defendants Buhay and Felker ignored those requests.
24 For example, plaintiff claims that defendant Buhay told him to just keep turning in 602s and one
25 would eventually be heard. (Compl. at 5.) Plaintiff contends that on or about May 16, 2006
26 defendant Svendsen examined his hands and prescribed him medication and told him he would

4

be scheduled for x-rays. Plaintiff alleges that he received his medication a few days later, but was never called for x-rays. (Compl. at 5-6.)

Plaintiff alleges that he submitted a grievance regarding the failure to take him for x-rays and was interviewed by defendant Cox but that Cox falsified documents, stating that plaintiff's hands appeared normal and that there was no swelling or bruising. Plaintiff alleges that, during the interview, defendant Cox stated otherwise and observed that his hands appeared to be healing improperly and that he should have x-rays taken. (Compl. at 7.)

Finally, plaintiff alleges that defendants Dial, Roche, and Pimentel mishandled his grievances and did not provide him with adequate medical care. (Compl. at 7-8.) Plaintiff claims that defendants Dangler and Babich also mishandled his grievances by refusing to forward them to the proper individuals and instead returning the grievances back to him. (Id. at 10.)

Plaintiff seeks $40,000,000 in damages based upon the defendants violation of his rights under the Eighth Amendment.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff files an amended complaint, he is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. In his original

complaint, plaintiff refers to one of the defendants as "Doe 1." "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that the court cannot order service of a complaint on a defendant not actually identified by name in his amended complaint.

Plaintiff is also advised that the Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

In addition, plaintiff is advised that he must allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference." There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is advised that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). In this regard, plaintiff's allegations against a number of the defendants for their alleged mishandling of his administrative appeals fail to state a cognizable claim. If plaintiff elects to proceed with this action by filing an amended complaint, he should focus his allegations on the defendants who were personally involved in denying him appropriate medical care.

1    Plaintiff is informed that the court cannot refer to a prior pleading in order to
2 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
3 complaint be complete in itself without reference to any prior pleading.  This is because, as a
4 general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375
5 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
6 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
7 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
8    Accordingly, IT IS HEREBY ORDERED that:
9    1.  Plaintiff's October 4, 2007 application to proceed in forma pauperis (Doc. No.
10 3) is granted.
11    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
12 The fee shall be collected and paid in accordance with this court's order to the Director of the
13 California Department of Corrections and Rehabilitation filed concurrently herewith.
14    3.  Plaintiff's complaint is dismissed.
15    4.  Plaintiff is granted thirty days from the date of service of this order to file an
16 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
17 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
18 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
19 amended complaint in accordance with this order will result in a recommendation that this action
20 be dismissed without prejudice.
21    5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a
22 civil rights action.
23 DATED: October 21, 2008.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
noel2037.14a